The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, Complainant, v. The Wiersema State Bank, Defendant.
Petition of Adolph S. Helquist, Receiver, Appellee, v. Fernwood Park District, Appellant.

Gen. No. 36,799.

Opinion filed June 20, 1934.

HERBERT BEBB, for appellant.

MCFARLAND, MORGAN, PARTRIDGE & MCFARLAND, for appellee; LEONARD W. STEARNS, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

By this appeal the Fernwood Park District, a municipal corporation, seeks the reversal of a decree of the superior court of Cook county in and by which the court held an agreement entered into between the Wiersema State Bank and the Fernwood Park District to be ultra vires and void, and by which the court also held an escrow agreement entered into between the Wiersema State Bank and the Chicago Title and Trust Company to be ultra vires and void. By the terms of the escrow agreement, it was provided that the bank

would deposit certain securities with the Chicago Title and Trust Company under certain terms and conditions, the purpose being to secure the Fernwood Park District from possibility of loss on account of deposits of its park funds in the bank. The case was heard on a petition filed by the receiver of the bank, and it was ordered by the court that these securities, deposited under the escrow agreement, be turned over to the receiver.

On August 27, 1931, the Wiersema State Bank, through its president and cashier, entered into an agreement with the Fernwood Park District, through its president and secretary, in which it is recited in substance that the park district has money on deposit in the bank and intends thereafter to use the bank as a depositary for its funds, and that the bank desires to secure the park district in an amount equal to the maximum deposit approved by the board of commissioners of the park district; that the bank in furtherance of such purpose had deposited with the Chicago Title and Trust Company of Chicago its certain securities mentioned in an escrow agreement with the Chicago Title and Trust Company, all in consideration of the sum of $1 paid by each party to the other on the following terms: "That if at any time the securities on deposit with the said Chicago Title and Trust Company, under said escrow agreement (whether they be the same securities mentioned in the said agreement or securities hereafter deposited in substitution thereof) and the proceeds and avails thereof, shall, in compliance with the terms and conditions of said escrow agreement, be released to the Park District, then, in such event, the Park District shall have and is hereby granted authority immediately to apply any proceeds or avails received by it against the liability of money on deposit to the credit of the Park District. Further, in such event, it shall have and it is hereby

granted authority to sell the securities released to it from said escrow or any part thereof at public or private sale or sales, notice of any sale in pursuance thereof shall be given to the bank or its receiver at least three days before the sale is had.''

The portion of the escrow agreement entered into between the bank and the Chicago Title and Trust Company, pertinent to this inquiry, is as follows:

''August 27, 1931.

''CHICAGO TITLE AND TRUST COMPANY:

''The Wiersema State Bank hereby deposits with you the following: '(Then follows a description of certain trust deeds and notes deposited with the Chicago Title and Trust Company under the agreement.)

'' 'You are hereby authorized and directed to retain all of the aforesaid deposits or the proceeds thereof (with the exception of the proceeds of any interest coupons) until there has been submitted to you a certified copy of an order in any court of record appointing a receiver for the Wiersema State Bank or any successor thereto:

'' 'Upon deposit of such certified copy, then all deposits herein or the proceeds thereof are to be delivered immediately to the order of Fernwood Park District of Chicago, Illinois.

'' 'Permission is hereby given and the Chicago Title and Trust Company is hereby authorized and directed to deliver any interest coupons attached to any of the Principal Notes deposited herewith to the order of the Wiersema State Bank or its successor at any time within ten days before maturity thereof or at any time after maturity.

'' 'The Wiersema State Bank pays escrow fee.'

''THE WIERSEMA STATE BANK,
By Claude J. Dalenberg, its Attorney,
THE FERNWOOD PARK DISTRICT,
By John L. Ohmans, President.''

Appellant advances the theory that "Illinois banks have the power to pledge assets as security for deposits of public funds." Cahill's Rev. St. 1933, ch. 16a, ¶ 1, provides that "It shall be lawful to form banks . . . for the purpose of discount and deposit, buying and selling exchange and doing a general banking business." It is insisted that under the Illinois statute, unless banks are restricted by the following qualifications, then under the power to do a general banking business, the right to pledge their assets, as suggested is necessarily implied:

"(1) Illinois banks may not issue bills to circulate as money.

"(2) Real estate, other than the banking house can be acquired only in collection of debts.

"(3) Such outside real estate may not be carried for more than five years.

"(4) Business must not be done at more than one banking house.

"(5) Liability for money borrowed from one person shall not exceed 15% of the surplus.

"(6) Total liabilities shall not exceed 25% of deposits.

"(7) Loans to officers are subject to approval.

"(8) Banks are not permitted to do business with impaired capital.

"(9) Capital shall not be withdrawn.

"(10) Deposits shall not be received during insolvency (Criminal Code, Smith Hurd Rev. St. ch. 38, ¶ 61)." In other words, appellant's position is that unless banks are expressly prohibited from guaranteeing deposits by pledging their assets, the power to do so is implied. The case of *Ward v. Johnson,* 95 Ill. 215, is cited as authority for this contention.

In a recent decision of the Supreme Court of the United States, in *City of Marion v. Sneeden,* 54 Sup. Ct. 421, the City of Marion, Illinois, had deposited its

funds with the City National Bank of Herrin, Illinois, and had appointed the Continental Illinois National Bank of Chicago its escrow agent for the deposit of bonds under an arrangement very similar to that involved in the instant case. The City National Bank of Herrin became insolvent and a receiver was appointed. Sneeden, the receiver, filed a petition in the federal court for the Eastern District of Illinois, in which it was prayed that the pledge be declared ultra vires and void, and that the securities deposited be ordered returned to him. It was conceded that under the National Banking Act this national bank was not given power to make any such contract, unless, as provided by the Federal Act, such right be given State banks by the law of Illinois, and it was contended that the pledge was valid, because in Illinois State banks have the power under the Illinois Banking Act to pledge assets as security for the deposits of public moneys belonging to municipal corporations, so that this question was directly involved. The district court upheld the legality of the pledge. The United States Court of Appeals reversed the district court. (64 F. [2d] 721.) The cause was reviewed by the Supreme Court on certiorari, which court in an opinion by Mr. Justice Brandeis, in affirming the Court of Appeals, said:

"The petitioners contend that . . . the pledge here challenged is valid, because in Illinois state banks have the power to pledge assets as security for deposits of public moneys of any political subdivision of the State. . . . We think these contentions are unsound. . . . Banks organized under the laws of Illinois do not appear to possess the power of pledging assets to secure the deposit of public moneys of a political subdivision of the State. Illinois corporations have only such powers as are conferred by statute either expressly or by implication; and only those pow-

ers are conferred by implication which are reasonably necessary to carry out the powers expressly granted, *People v. Chicago Gas Trust Co.*, 130 Ill. 268; *Calumet, etc., Dock Co. v. Conkling*, 273 Ill. 318. No Illinois statute confers in express terms upon banks organized under its laws either the general power to pledge assets to secure a deposit; or the general power to pledge assets to secure public deposits. A statute confers in terms the power to pledge assets to secure deposits of the States but there is none which so confers the power to pledge assets to secure public deposits of a political subdivision of the State. No reported decision rendered by any Illinois court since the enactment of the General Banking Law of 1887 holds that the alleged power exists as one incidental to the business of deposit banking. Nor is there any evidence that in Illinois such power is necessary in the conduct of the business of deposit banking.

"*Ward v. Johnson*, 95 Ill. 215, 217, decided in 1880, is relied upon as authority for the proposition that Illinois banks have power to pledge assets to secure deposits. That case arose under the charter of 'The Merchants, Farmers and Mechanics' Savings Bank,' which was granted long before the General Banking Act of 1887. The pledge involved therein was given to secure a transaction which appears to have been a loan as distinguished from a deposit. The transaction dealt with private funds. The statement was there made that banks have authority to pledge assets to secure deposits. If that statement expresses the law of the State, Illinois banks have had for more than half a century power to pledge their assets to secure private deposits as well as deposits of public moneys of its political subdivisions. But the case has never been referred to since on this point in any reported opinion of any Illinois court. During that period, many state banks have failed; and there must have been much

litigation arising therefrom; but no exertion of the alleged power on the part of any state bank has been shown.

"An authoritative determination of the question whether Illinois banks have power to pledge assets to secure the deposit of public moneys of a political subdivision of the State can be given only by its highest court."

Cahill's Illinois Revised Statutes 1933, ch. 16a, ¶ 7, provides that banks organized under the act shall make periodical reports to the auditor, "which report shall exhibit in detail and under appropriate heads the resources and liabilities of such bank." As a matter of course, in these reports deposits in the bank are listed as liabilities. Would a bank in making its report, of necessity, list its assets pledged as security for its deposits so as to indicate the exact situation? It might well be that a large proportion of any bank's assets were so pledged and that in case of the bank's failure, the major portion thereof would be used to pay its favored depositors at the expense of the general unsecured depositors.

It is our conclusion that by the opinion of the court in *City of Marion v. Sneeden, supra,* the case of *Ward v. Johnson, supra,* is clearly distinguished, and we hold that the contract between the Wiersema State Bank and the Fernwood Park District and the escrow agreement with the Chicago Title and Trust Company are ultra vires and void. Therefore, the decree of the superior court of Cook county is affirmed.

*Affirmed.*

WILSON and HEBEL, JJ., concur.